UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDALL EUGENE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:05-cv-1593-RLY-WTL |
| ) | |
| SHERIFF TERRY RICHWINE, in his official ) | |
| capacity, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION FOR LEAVE TO AMEND COMPLAINT

This cause is before the Court on the Plaintiff's motion for leave to file a second amended complaint.  The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff Randall Eugene Hall brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the actions of the Defendants when they arrested him on an outstanding warrant that was issued for another person with a similar name.  In both the initial complaint, filed on October 20, 2005, and the amended complaint, filed March 24, 2006, the caption indicates that each Defendant is being sued in his or her official capacity. More than two months following the applicable date for seeking leave to amend pleadings, Hall filed the instant motion seeking leave to amend his complaint to "clarify" that he is suing the Defendants in their individual capacities as well as their official capacities.

The Court agrees with the Defendants that Hall's characterization of his motion as one seeking to clarify his claims is a stretch.  The Court also agrees with the Defendants that the applicable standard for whether Hall should be granted leave to amend his complaint is the good cause standard found in Federal Rule of Civil Procedure 16(b), inasmuch as the case

management deadline for amending pleadings has expired.  However, the Court disagrees with the Defendants' suggestion that a finding of good cause is appropriate only if the moving party demonstrates that it could not reasonably have been expected to meet the applicable deadline.  Deadlines are important; however, so is justice.  While the Court likely would be within its discretion if it denied the instant motion because of the lack of diligence on the part of Hall's counsel, justice would not be served by such a ruling, as it would preclude Hall from having his case decided on the merits, while the Defendants would not be prejudiced by the amendment that is sought (having to defend the case against them on the merits does not constitute prejudice) and there is ample time before the dispositive motions deadline and trial for the new claims to be addressed by the parties without delaying the case.  Accordingly, the motion to amend is **GRANTED** and the Clerk shall file the second amended complaint.

SO ORDERED:  6/29/06

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Michael Andrew Casati
CAMPBELL KYLE PROFFITT
mcasati@ckplaw.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

Nathan Scott Smith
CAMPBELL KYLE PROFFITT LLP
ssmith@ckplaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Richard Walker
walkerlaw@sbcglobal.net

William Edwin Wendling Jr.
CAMPBELL KYLE PROFFITT LLP
wwendling@ckplaw.com